RECEIVED
IN ALEXANDRIA, LA.

JUL 1 5 2013

TONY R. MOORE, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

BRYAN COLT TODD  :  DOCKET NO. 1:12-1554

VS.  :  JUDGE TRIMBLE

JOHN SMITH, IN HIS CAPACITY AS  :  MAGISTRATE JUDGE KIRK
WARDEN TO TENSAS PARISH
DETENTION CENTER, ET AL

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #10) filed by defendants, John Smith, in his official capacity as Warden of Tensas Parish Detention Center, and Rickey Jones in his official capacity as Sheriff of Tensas Parish, who move the court for summary judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## FACTUAL STATEMENT

On or about May 11 and 12, 2011, defendant Bryan Colt Todd was an inmate at the Tensas Parish Detention Center ("Detention Center"). On those same dates, defendant, Stephen Bradford, was the booking officer at the Detention Center. On both May 11 and May 12,2011, Todd and Bradford engaged in oral sex in the booking office at the Detention Center. Todd alleges that he also engaged in anal sex with Bradford; Bradford denies this.

In his deposition, Todd concedes that he performed the sexual acts in exchange for special benefits and privileges. Bradford denies that the sex was for promised benefits. On the evening of May 12, 2011, Todd reported the sexual activity. Bradford was arrested and charged with malfeasance of office on May 13, 2011.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2]   A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4]   Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5]   The burden requires more than mere allegations or denials of the adverse party's pleadings.   The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6]   There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving

---

[1]   Fed. R.Civ. P. 56(c).

[2]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3]   Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4]   Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5]   Anderson, 477 U.S.   at 249.

[6]   Celotex Corp. v.  Catrett, 477 U.S. 317, 324 (1986).

party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Sexual abuse of a prisoner by prison officials may, under some circumstances, violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment.[9] A two- part test determines whether a prisoner has established a violation of the Eighth Amendment.[10] First, the sexual abuse or assault must be objectively sufficiently serious; second, the prison officials involved must have acted with deliberate indifference, i.e., a sufficiently culpable state of mind.[11]  Not every incident of sexual abuse will meet this test.  Only "severe or repetitive" sexual abuse rises to the level of an Eighth Amendment violation.[12] Welcome and voluntary sexual interactions, no matter how inappropriate, cannot as a matter of law constitute pain as contemplated by the 8th Amendment.[13]

*Warden John Smith and Sheriff Rickey Jones*

---

[7]  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8]  Anderson, 477 U.S. at 249-50.

[9]  Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997).

[10]  Harper v. Showers, 174 F.3d 716, 719-720 (5th Cir. 1999).

[11]  See Boddie, 105 F.3d at 861.

[12]  Id.

[13]  Flores v. G.E. Orget, Inc., 2011 U.S. Dist. LEXIS 59125 (W.D. La. 2011).

Plaintiff has sued John Smith in his official capacity as Warden of the Tensas Parish Detention Center alleging that the acts of Deputy Stephen Bradford, as a guard of the Detention Center were committed in the course and scope of his employment.[14]   Plaintiff alleges that Warden Smith was negligent in failing to monitor the actions of the guards under his command and negligent for his failure to implement safeguards to prohibit such illegal conduct. [15]  Plaintiff asserts that by failing to implement safeguards, Deputy Bradford was allowed access to areas of the prison where he could conceal his actions and commit acts against him.[16]

In order to hold a defendant liable under 42 U.S.C. § 1983, Plaintiff must allege facts to show (1) that a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.[17]

First and foremost, because plaintiff admitted in his deposition that he engaged in the sexual activity in exchange for benefits, we find that plaintiff has failed to allege facts that his constitutional rights have been violated.

---

[14]   R. #1-5, ¢ ¢ IX and X.

[15]   R. #1-5, ¢ XI.

[16]   Id.

[17]   Hessbrook v. Lennon, 777 F.2d 999, 1005 (5th Cir. 1985).

Furthermore, it is well settled that supervisory officials may not be held liable under § 1983

under the doctrine of *respondeat superior*.[18]   To be liable under § 1983, a supervisory official must

be personally involved in the act causing the alleged constitutional deprivation, or must have

implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.[19]

Defendants have submitted summary judgment evidence via affidavits that they had no personal

knowledge of any sexual activity between the prisoners and guards at anytime prior to the incident

involving plaintiff and Mr. Bradford.   Plaintiff has failed to dispute this evidence.[20]   Defendants

have also submitted undisputed summary judgment evidence that Deputy Bradford was trained not to

engaged in any personal relationships, including sexual relationships, with prisoners.[21]

Hence, we further find that even if a violation of constitutional rights had been properly

established, plaintiff has failed to establish that Warden Smith was either personally involved in the

alleged constitutional deprivation, or implemented a policy that was so deficient that the policy itself

acted as a deprivation of constitutional right.

*Prison Rape Elimination Act of 2003 ("PREA")*

In his complaint, plaintiff asserts that defendants violated the PREA.   The PREA is "intended

to address the problem of rape in prison, authorizes grant money, and creates a commission to study

---

[18]   Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951,
113 S.Ct. 2443 (1993); Jennings v. Joshua Indep. Sch. Dist., 877 F.2d 313 (5th Cir. 1989), cert.
denied, 496 U.S. 935, 110 S.Ct. 3212 (1990).

[19]   *Cronn v. Buffington,* 150 F.3d 538, 544 (5th Cir. 1998).

[20]   We further note that plaintiff has failed to submit any summary judgment evidence to
dispute the facts established by defendants.

[21]   Smith Affidavit C 13; defendants' exhibit F "Sexual Assault Prevention and Abuse".

the issue";[22] . . . . "the statute does not grant prisoners any specific rights."[23] Accordingly, to the extent plaintiff is asserting a cause of action based on the PREA, such claim will be dismissed.

*State law claims*

Plaintiff has asserted in his complaint state law causes of actions for negligence and vicarious liability.   Plaintiff seems to argue that he was coerced into the sexual activity by promises of benefits and/or favors. Plaintiff also argues that the sexual conduct was coerced because of Deputy Bradford's position as a prison guard.

---

[22] 42 U.S.C. § 15601 et seq.

[23]   Chinnici v. Edwards, 2008 WL 3851294 (Dist. Vt. 2008); Green v. Brown, 2011 WL 3799047 (Dist. Co. 2011).

Defendants rely on <u>Baumeister v. Plunkett</u>,[24] wherein the court held that under Louisiana law, a defendant cannot be held vicariously liable for the actions of an employee if the employee was not acting in furtherance of his employer's objective.

> A finding of scope of employment hinges on the predominate motive of the tortfeasing employee, whether the purpose of serving the employer's business actuated the employee to any appreciable extent. Generally speaking, an employee's conduct is within the course and scope of his employment if the conduct is of the kind he is employed to perform, occurs substantially within the authorized limits of time and space and is activated at least in part by a purpose to serve the employer.[25]

The court finds that the sexual misconduct between plaintiff and Deputy Bradford cannot be interpreted as being in furtherance of the employer's business. Therefore, Bradford's employer cannot be held liable in tort because the tortious acts were not primarily employment rooted. Consequently, the state law claims must also be dismissed.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice plaintiff's claims against Warden John Smith and Sheriff Rickey Jones.

THUS DONE AND SIGNED in Chambers at ~~Lake Charles~~ Alexandria, Louisiana, this 15th day of July, 2013.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[24] 673 So.2d 994 (La.1996).

[25] <u>Masaenz v. Premiere Nissan, LLC</u>, 81 So.3d 169 (La.App. 5th Cir. 2011) citing <u>Garcia v. Furnace and Tube Service, Inc.</u>, 921 So.2d 205, 211 (La.App. 2 Cir. 1/27/06).